United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGGETT PHELPS,<br><br>        Plaintiff,<br><br>    v.<br><br>HOUSING AUTHORITY OF MARIN COUNTY, et al.,<br><br>        Defendants. | Case No. 24-cv-06311-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSAL** |

*Pro se* plaintiff Briggett Phelps has filed an application to proceed *in forma pauperis* (IFP) in this suit. Dkt. No. 2. Although Phelps' financial condition excuses payment of court filing fees, and so the application is granted for that reason, the case is dismissed without prejudice because the complaint fails to plausibly state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Nordin v. Scott*, No. 3:21-cv-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021), *aff'd* No. 22-15186, 2023 WL 4418595 (9th Cir. July 10, 2023).

Even when read with the liberality afforded *pro se* litigants, *see Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000), the complaint is difficult to understand and fails to allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint contains allegations concerning, *inter alia*, the inability to pay rent and utilities, a dog that fell ill from allegedly being poisoned, a faulty staircase down which the plaintiff fell, and some sort of constant harassment or malice. *See generally* Dkt. No. 1. It is unclear which allegations she intends to bring against which defendant, as the allegations repeatedly refer only to "she." *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("[A] filing] without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Moreover, it is unclear if any of the

allegations plausibly establish federal jurisdiction, as it appears that all parties reside in California and that the allegations sound in state tort and property law.  *See* Fed. R. Civ. P. 8(a)(1) (providing that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction").

A month after filing her complaint, plaintiff filed "25 pages attachments" adding new defendant and allegations that appear to concern grievances about disturbances outside plaintiff's home, events that occurred many years ago, and complaints about case assignments in this district. *See generally* Dkt. No. 6.  Consideration of those additional allegations does not change the conclusion that the complaint fails to provide allegations that "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Because the Court cannot discern any legally cognizable claim, or one that would establish subject-matter jurisdiction, the Court dismisses plaintiff's complaint.  Plaintiff may file an amended complaint by January 6, 2025.  Failure to amend by the deadline will result in dismissal and entry of judgment against her under Rule 41(b).

**IT IS SO ORDERED.**

Dated: December 6, 2024

JAMES DONATO
United States District Judge